IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50227
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH MORRIS THOMPSON,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(MO-94-CR-89-1)
- - - - - - - - - -
November 29, 1995
Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Kenneth Morris Thompson challenges his conviction on four counts -- conspiracy to possess and to distribute cocaine base, distribution of cocaine base on September 2, 1994, possession with intent to distribute cocaine base on September 2, 1994, and possession with intent to distribute cocaine base on September 5, 1994.

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

The district court did not abuse its discretion in overruling Thompson's objection to the striking of potential jurors pursuant to Batson v. Kentucky, 476 U.S. 79 (1986) because the government articulated race-neutral explanations for each challenged strike. See Purkett v. Elem, 115 S. Ct. 1769, 1771 (1995); United States v. Krout, 66 F.3d 1420, 1428 (5th Cir. 1995). Also, we conclude that the district court did not abuse its discretion when limiting Thompson's cross-examination of Dodionne Watson. See United States v. Restivo, 8 F.3d 274, 278 (5th Cir. 1993), cert. denied, 115 S.Ct. 54 (1994); United States v. Campbell, 49 F.3d 1079, 1085 (5th Cir.), cert. denied, 116 S.Ct. 201 (1995).

The district court did not err in denying Thompson's motion to suppress. Thompson lacks standing to challenge evidence seized from a search of his girlfriend's person and the officers had probable cause to search the red Hyundai. See, United States v. Wilson, 36 F.3d 1298, 1302 (5th Cir. 1994); Charles v. Smith, 894 F.2d 718, 723 (5th Cir.), cert. denied sub nom, Charles v. Butler, 498 U.S. 957 (1990).

AFFIRMED.